A96A1033. RODRIQUEZ v. CITY OF AUGUSTA.
(474 SE2d 278)

</div>

Judge Harold R. Banke.

Orlando O. Rodriquez, Jr. sued the City of Augusta d/b/a Bush Field ("the City") for damages allegedly sustained when he slipped and fell in an airport rest room. The trial court granted the City's motion for summary judgment, and this appeal followed.

Summary judgment is appropriate when the court, viewing all the evidence and drawing reasonable inferences in a light most favorable to the non-movant, concludes that the evidence does not create a triable issue as to each essential element of the case. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Viewed in that light, the evidence was as follows. In order to obtain a rental car, Rodriquez went to Bush Field Airport which is owned and operated by the City. While at the airport Rodriquez used a rest room where Steve Weber, an airport employee, was present. Weber testified that the rest room floor appeared clean and that there were no foreign objects or spills on it. Shortly after Weber left, Rodriquez allegedly slipped and fell. Rodriquez, who denoted himself as a "floor specialist with chemicals in anti-slip resistant matters," testified that he tended to pay attention to floors because of the nature of his occupation. Rodriquez conceded that "[t]here was nothing unusual about the floor," the floor was not wet and no water was on it. He testified that "[t]here was apparently something on the floor that was not visible to the eye" which was slimy to touch but not visible. Rosevelt Abrarm, the employee in charge of the rest room at issue, testified that five or ten minutes before Rodriquez fell, when he cleaned the rest room he checked the floor and it was dry and free of foreign substances. *Held*:

1. The trial court properly granted summary judgment. It is undisputed that Rodriquez was an invitee at the time of the incident. Liability for an invitee's injuries in a slip and fall premises liability

case is determined by the relative knowledge possessed by the owner and the invitee of the condition or hazard which resulted in the injury. *Shansab v. Homart Dev. Co.*, 205 Ga. App. 448, 450 (3) (422 SE2d 305) (1992). To avoid summary judgment on his slip and fall claim, Rodriquez had to show that 1) the City had actual or constructive knowledge of the foreign substance, and 2) that he was without knowledge of it or for some reason attributable to the City was prevented from discovering the foreign substance. *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980).

No evidence was presented that the City had actual knowledge of the alleged hazard. Constructive knowledge can be established in two ways: first, it may be inferred where there is evidence that an employee of the defendant was in the immediate vicinity of the dangerous condition and could easily have noticed and corrected the hazard; and second, knowledge can be imputed to a defendant if a plaintiff can show the dangerous condition was on the floor for a sufficient length of time. *Smith v. Wal-Mart Stores*, 199 Ga. App. 808, 809 (406 SE2d 234) (1991).

Attempting to show that the City had constructive knowledge, Rodriquez offered only his own self-contradictory testimony. In his deposition, he testified that there was no water on the floor and that the slimy substance which purportedly caused his fall was not visible. According to his deposition testimony, he could not feel the slippery spot with his foot. In his affidavit, he testified that he noticed there was water on the floor, that the floor had a wet area, that the water concealed the slick spot and that the water did not cause him to fall. According to his affidavit, the slick spot was easy to detect with his foot. Contradictory testimony, where no reasonable explanation for the inconsistencies has been offered, must be eliminated from consideration on motion for summary judgment. *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 30 (2) (343 SE2d 680) (1986).

Rodriquez's claim that an employee should have noticed the alleged hazard is not factually supported by any evidence. "Constructive knowledge can only be inferred where there is evidence that an employee was in the immediate vicinity of the dangerous condition *and* could have easily discovered and removed the hazard. [Cit.]" (Emphasis in original.) *Drake v. Kroger Co.*, 213 Ga. App. 72, 74 (1) (443 SE2d 698) (1994). The fact that Rodriquez admitted that the alleged dangerous substance was not visible precludes finding that the City's employee could have easily noticed and corrected it. *Jester v. Ingles Market*, 206 Ga. App. 327, 328 (425 SE2d 323) (1992). Further, Rodriquez failed to show that the substance was on the floor for an appreciable amount of time, and the City offered testimony from two employees that the bathroom floor appeared to be dry and free of foreign substances just prior to the time of the alleged fall. *Smith*,

199 Ga. App. at 809. The trial court correctly determined that the City had no notice of the alleged hazard. Having successfully pierced an essential element of Rodriquez's prima facie case, the City was entitled to summary judgment as a matter of law. OCGA § 9-11-56 (c); *Lau's Corp.*, 261 Ga. at 495.

2. In light of our holding in Division 1, we need not reach Rodriquez's remaining enumeration.

*Judgment affirmed. Pope, P. J., and Andrews, J., concur.*

DECIDED JULY 31, 1996.

*Calvin A. Rouse*, for appellant.

*Capers, Dunbar, Sanders & Bruckner, Paul H. Dunbar III, Ziva P. Bruckner*, for appellee.