S96A1388. DURRENCE v. DURRENCE et al.
(476 SE2d 741)

HUNSTEIN, Justice.

Kenneth Durrence filed a petition to set aside the conveyance of certain property in Tattnall County that was previously part of the

estate of his father, D. L. Durrence. Named as defendants were Kenneth's brothers Bobby and Segal Durrence and Segal's grandson, Kyle Durrence. Segal was named both individually and as the executor of the estate of D. L. Durrence.[1] The trial court granted summary judgment to the defendants and Kenneth Durrence appeals. We affirm.

The will of D. L. Durrence was probated by Segal in 1960. The estate consisted of two parcels of property (the home tract and the timber tract). In 1976 a judgment was entered in a suit against Segal as executor of the estate which required Segal to consult with two other heirs regarding any decisions made about the estate. Shortly after the life tenant died, Segal Durrence had the home tract appraised and, at the request of Bobby Durrence, sold him the property for $2,000 less than its appraised value of $127,000. Segal received an unsecured promissory note for $125,000 as consideration. A few days later, Bobby conveyed the property to Kyle Durrence for $125,000. Bobby deposed that he wanted the home tract to stay within the family and chose on his own to sell it to Kyle without discussing the matter with Segal. Kyle obtained the money by virtue of a bank loan which was co-signed by Segal; Kyle leased the property to Segal for one year and Segal, in turn, leased the property to an unrelated third-party farmer. Kyle deposed that he could have leased the property to the third-party farmer himself but chose to lease it to Segal instead because he was more certain to recover the rent from his grandfather. That same year Segal sought to sell the timber tract to an unrelated third party and filed a declaratory judgment action regarding his power as executor to effect the sale. Appellant was a named party in the suit. In July 1992 the trial court found that it was within Segal's power under the will to sell the property. Appellant filed the instant suit in May 1994 to challenge the sale of the home tract.

The record supports the trial court's finding that there is no evidence sufficient to create a jury issue on at least one essential element of each ground asserted by appellant. See generally *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). The trial court correctly found no fact question remains as to Segal's compliance with the requirement in the 1976 judgment that he consult with the two other heirs about the sale of the property. Although appellant claimed there was a gross inadequacy of consideration, the record contains nothing more than appellant's mere allegation that the fair

---

[1] Segal Durrence died while this appeal was pending and the parties have consented to the substitution of Kyle Durrence, the executor of Segal's estate, in his stead. The record does not reflect who has been named to succeed Segal as the executor of the estate of D. L. Durrence.

market value of the property greatly exceeded the purchase price.[2] Furthermore, inadequacy of price alone is not sufficient to set aside a conveyance unless the inadequate price, taken in connection with other circumstances of a suspicious nature, raises "such a vehement presumption of fraud" as will authorize a court to set aside the conveyance. *Lasater v. Petty*, 220 Ga. 592, 594 (140 SE2d 864) (1965). See also *Hardin v. Baynes*, 198 Ga. 683 (3) (32 SE2d 384) (1944). As to appellant's allegations of fraud, the trial court correctly concluded that there is an absence of evidence to support appellant's claims. Appellant presented no evidence to counter the testimonies by Segal, Bobby, and Kyle regarding the events leading to the sale of the home tract, to rebut their statements proffering non-fraudulent explanations for the method in which payment for the property was effected, or to contradict Kyle's testimony that the property he purchased is within his dominion and control. Finally, we find no error in the trial court's conclusion that Segal had discretion under his father's will to reject an in-kind division of the property.[3]

The moving parties having discharged their burden "by pointing out . . . that there is an absence of evidence to support the nonmoving party's case" and appellant, as the nonmovant, having failed to "point to specific evidence giving rise to a triable issue," *Lau's Corp. v. Haskins*, supra at 491, the trial court did not err by granting summary judgment in favor of appellees.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 21, 1996 —
RECONSIDERATION DENIED NOVEMBER 8, 1996.

*Spivey, Carlton & Edenfield, J. Franklin Edenfield,* for appellant.

*Dubberly & McGovern, Joseph D. McGovern, Stubbs & Associates, M. Francis Stubbs,* for appellees.

---

[2] There is only one record citation .n appellant's brief in this Court to support his claim that the property was worth $245,000; that citation is to argument made in appellant's brief in opposition to the motion for summary judgment. A review of the record as a whole reveals no sworn affidavit or deposition testimony to support appellant's allegation regarding the value of the property.

[3] The will provided in relevant part that should the executor, i.e., Segal, "deem it necessary" to sell the timber tract, he was authorized to do so "as he may deem best" and that "said executor is hereby granted like power" to convey the home tract "if in the executor's discretion it is deemed impractical to divide this real estate in kind and that it is wise to convert same or some part thereof into money."