## A98A0481. HARDEE'S FOOD SYSTEMS, INC. v. GREEN.
### (502 SE2d 738)

BEASLEY, Judge.

After observing an employee at a Hardee's restaurant put up a wet floor sign and mop the floor, Gena Green traversed the area she was aware had just been mopped and was still wet. She knew, from her work and from cleaning her own house, that a mopped floor would stay wet and water-slippery for a short time. She slipped and fell on what she described as being "water-wet" and "grease-slippery," which left her side "completely soaked." Ms. Green sued the proprietor, Hardee's Food Systems, Inc. An interlocutory appeal brings for review the trial court's denial of Hardee's motion for summary judgment.

Last year the Supreme Court reaffirmed in *Robinson v. Kroger Co.*[1] that "in order to recover for injuries sustained in a slip-and-fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier." Citing *Alterman Foods v. Ligon*[2] and OCGA § 51-3-1, *Robinson* emphasized "the fundamental basis for an owner or occupier's liability — that party's superior knowledge of the hazard encountered by the plaintiff."[3]

*Robinson* also confirmed that under *Lau's Corp. v. Haskins*[4] a defendant moving for summary judgment "need no longer affirmatively disprove the nonmoving party's case; instead the burden on the

---

[1] 268 Ga. 735, 748-749 (2) (b) (493 SE2d 403) (1997).

[2] 246 Ga. 620 (272 SE2d 327) (1980).

[3] *Robinson*, supra, 268 Ga. at 736; see *Haskins v. Piggly Wiggly Southern*, 230 Ga. App. 350, 351 (496 SE2d 471) (1998) ("the true ground of liability is the owner or occupier's superior knowledge of the hazard and the danger therefrom").

[4] 261 Ga. 491 (405 SE2d 474) (1991).

moving party may be discharged by pointing out by reference to the record that there is an absence of evidence to support the nonmoving party's case."[5] Although *Robinson* readjusted this burden with regard to the second element of the cause of action (whether plaintiff lacked knowledge of hazard despite ordinary care), the burden remained the same with regard to the first element.[6] Where defendant points to an absence of evidence on the first element, plaintiff must present evidence the defendant had superior actual or constructive knowledge of the hazard, or else suffer summary judgment.[7]

Green's theory is that she slipped on the combination of water and an invisible greasy substance that had leaked from the trash can to which she was walking to empty her tray, that she did not know of the leak and believed there was only water on the floor, and that the proprietor knew or should have known of the greasy substance and cleaned it up. As to this latter point, it is unclear whether Green means the mopping was undertaken for the purpose of removing what leaked and did not fully succeed in doing so or whether the employee should have seen the greasy substance while mopping generally and removed it.

For the purpose of this appeal, it does not matter. In either event, plaintiff has offered only nonprobative hearsay evidence that something slippery from the trash can had leaked onto the floor. She cannot assert the proprietor had superior actual knowledge as to water, and she cannot prove it had constructive knowledge of a greasy substance being on the floor. Although the testimony of plaintiff and her mother on the one hand and the restaurant employee on the other hand raises an issue of fact whether Green fell on water or on water mixed with a greasy substance, resolution of this factual issue is not necessary on the question of liability because it is not a material fact, given the undisputed evidence. The reason is that plaintiff cannot prove Hardee's had any knowledge of a greasy spot either before or after the mopping.

1. *Actual Knowledge.*

Hardee's submitted the affidavit of the employee who mopped the floor only minutes before the incident. She testified she did not see or detect a greasy or otherwise slippery substance on the floor. Green countered with (i) her own testimony that shortly after her fall, an unidentified employee of Hardee's stated that the mopping

---

[5] (Citations and punctuation omitted.) *Robinson*, supra, 268 Ga. at 747; see *Durrence v. Durrence*, 267 Ga. 280 (476 SE2d 741) (1996) (defendant need only point out absence of evidence).

[6] *Robinson*, supra, 268 Ga. at 747-748.

[7] See *Kelley v. Piggly Wiggly Southern*, 230 Ga. App. 508, 509-511 (2) (496 SE2d 732) (1997); *Haskins v. Piggly Wiggly Southern*, supra, 230 Ga. App. at 352.

employee had been mopping up spilled grease or soda and (ii) her mother's testimony that later the same day, "an unknown employee stated that the garbage receptacle where Ms. Green fell was leaking."

"Evidence offered on motion for summary judgment is held to the same standards of admissibility as evidence at trial, and evidence inadmissible at trial is generally inadmissible on motion for summary judgment. Hearsay is never admissible and has no probative value unless it comes within a recognized exception to the rule."[8]

Statements by unidentified store employees are not part of an exception to the hearsay rule.[9] "[S]ince the alleged utterer is unknown, it cannot be shown that [the statements] qualify as being free from all suspicion of device or afterthought. Moreover, the putting forward of some unidentified, unspecific person as an employee, who allegedly made certain remarks that would bind or incriminate the employer, and as to whom there is no showing the person can be brought forth at trial or even located, or in fact exists, is not enough to raise a genuine issue of material fact controverting the defendant's positive testimony that there was no defect of which it had actual or constructive superior knowledge."[10]

2. *Constructive Knowledge.*

Nor did Green show competent evidence of constructive knowledge. Constructive knowledge can be established in one of two ways: (1) by evidence that employees were in the immediate vicinity and easily could have noticed and removed the hazard, or (2) by evidence that the substance had been on the floor for such a time that (a) it would have been discovered had the proprietor exercised reasonable care in inspecting its premises, and (b) upon being discovered, it would have been cleaned up had the proprietor exercised reasonable care in its method of cleaning its premises.[11]

(a) As to the first possibility, Green argues that the mopping employee "had, within minutes of the Appellee's fall, cleaned the area where the Appellee fell and therefore should have known of the presence of any invisible, yet greasy, substance on the floor."

But "[s]howing that an employee was merely working in the immediate area of a foreign substance is not enough; the employee

---

[8] (Citations and punctuation omitted.) *Hagan v. Goody's Family Clothing,* 227 Ga. App. 585, 586 (490 SE2d 107) (1997).

[9] Id. at 586-587; but see *Stouffer Corp. v. Henkel,* 170 Ga. App. 383, 385 (1) (317 SE2d 222) (1984). Although the author of the present opinion dissented to the *Hagan* decision, *Hagan,* a seven-judge decision, takes precedence over conflicting panel decisions and is binding on this Court. OCGA § 15-3-1 (d); see Court of Appeals Rule 33 (a).

[10] (Citations and punctuation omitted.) *Hagan,* supra, 227 Ga. App. at 587; see *Johnston v. Grand Union Co.,* 189 Ga. App. 270, 272 (1) (375 SE2d 249) (1988).

[11] *Alterman Foods v. Ligon,* supra, 246 Ga. at 622, modified on other grounds, *Robinson,* supra; *Kelley,* supra, 230 Ga. App. at 510; see *Haskins v. Piggly Wiggly Southern,* supra, 230 Ga. App. at 351-352.

must have been in a position to have easily seen the substance and removed it."[12] As stated in *Haskins v. Piggly Wiggly Southern*[13] (affirming summary judgment), "[i]nasmuch as the purported hazard was not readily visible to [plaintiff], she did not establish that [defendant's] employee could have easily seen and removed it."

*Rodriquez v. City of Augusta*[14] approximates the facts of this case. Five or ten minutes before Rodriquez slipped and fell in an airport restroom, an airport employee had cleaned the restroom and checked its floor. A second airport employee was in the restroom while Rodriquez was there and also testified the floor appeared free of any foreign substance. Rodriquez testified he slipped on something on the floor that was slimy to the touch but not visible to the eye.[15]

Affirming summary judgment to defendant, we explained: "Rodriquez's claim that an employee should have noticed the alleged hazard is not factually supported by any evidence. Constructive knowledge can only be inferred where there is evidence that an employee was in the immediate vicinity of the dangerous condition *and* could have easily discovered and removed the hazard. The fact that Rodriquez admitted that the alleged dangerous substance was not visible precludes finding that the City's employee could have easily noticed and corrected it."[16]

(b) The second possibility of showing constructive knowledge is foreclosed for three reasons. First, Green's own evidence showed Hardee's had inspected and cleaned the floor only minutes before she traversed it. Second, Green submitted no evidence that the grease was on the floor for any length of time.[17] Third, Green's own evidence showed the grease was invisible and thus would not be discovered through a reasonable visual inspection. Fourth, Hardee's method of cleaning its premises cannot be criticized for failing to clean up something invisible that it had not otherwise discerned. As stated in Division 1, supra, the only evidence that Hardee's may have known of the invisible substance is inadmissible hearsay.

We note that the recently decided case of *Straughter v. J. H. Harvey Co.*, 232 Ga. App. 29 (500 SE2d 353) (1998), stated that "a plaintiff, in order to withstand a motion for summary judgment, need

---

[12] (Citation and punctuation omitted.) Id. at 352.

[13] (Citations omitted.) Id.

[14] 222 Ga. App. 383 (474 SE2d 278) (1996).

[15] Id. at 383.

[16] (Citations and punctuation omitted; emphasis in original.) Id. at 384; see *Blake v. Kroger Co.*, 224 Ga. App. 140, 145 (2) (480 SE2d 199) (1996) ("since appellant insists the substance was invisible and he could not have seen it if he had been 'crawling' on the floor, there exists no reasonable basis from which to conclude that [a nearby] employee should have discovered and removed this particular hazard") (citation omitted).

[17] See *Haskins v. Piggly Wiggly Southern*, supra, 230 Ga. App. at 351.

not show how long a substance has been on the floor unless the defendant has established that reasonable inspection procedures were in place and followed at the time of the incident. [Cits.]" *Straughter* and the cases it cites are distinguishable in that Green herself testified that Hardee's had inspected and cleaned the relevant area only minutes before she traversed it.

Because there was no competent evidence that Hardee's had either actual or constructive knowledge of the hazard, the trial court erred in denying Hardee's motion for summary judgment.

*Judgment reversed. Pope, P. J., and Ruffin, J., concur.*

DECIDED MAY 7, 1998 —
RECONSIDERATION DENIED JUNE 16, 1998.

*Miller & Towson, James V. Towson, Peter R. Cates, John D. Raines III*, for appellant.
*Joseph I. Carter*, for appellee.