## A02A2400. WATKINS v. HOME DEPOT U.S.A., INC.
(576 SE2d 563)

ANDREWS, Presiding Judge.

Turner Watkins appeals pro se from the trial court's order granting summary judgment to Home Depot U.S.A., Inc. on his slip and fall claim. Because the trial court correctly determined that there were no genuine issues of material fact to go to a jury, we affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). To obtain summary judgment, a defendant need not produce any evidence, but must only point to an absence of evidence supporting at least one essential element of the plaintiff's claim. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Our review of a grant of summary judgment is de novo, and we view the evidence and all reasonable inferences drawn from it in the light most favorable to the nonmovant. *Supchak v. Pruitt*, 232 Ga. App. 680, 682 (503 SE2d 581) (1998).

So viewed, the evidence in the record was as follows. Watkins testified at his deposition that he was walking down one of the aisles in the Home Depot store when his right foot hit a slippery substance and his feet went out from under him. Watkins said that he never saw what caused him to fall and therefore does not know the size of the spill. But, several days later he looked at the pants he had been wearing that day, and the stain looked like "clear oil." Watkins stated that he was looking for items on the shelf and also looking ahead of him but he missed the oil on the floor because "it blended into the color of the floor." When asked if he could have seen the liquid if he were looking at the floor just before he fell, Watkins responded, "I could have seen it if I had maybe looked down at that particular spot knowing that it was basically there." Watkins testified that there was an employee walking down the aisle about four feet in front of him before he fell.

The project manager at Home Depot testified at his deposition that he examined the area of Watkins's fall and found two or three small puddles, approximately two inches in diameter, of clear oil. He said the oil did not smell and appeared to be cooking oil. The man-

ager stated that there were no oil products on the aisle where Watkins fell and he could not find anything that resembled this oil in the store.

In order to recover for injuries from a slip and fall, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier. *Robinson v. Kroger Co.*, 268 Ga. 735, 748-749 (493 SE2d 403) (1997). In this case, Watkins's brief on appeal is difficult to follow and contains much information not pertinent to this appeal. But, he does make the argument that Home Depot should have discovered the oil on the floor because an employee had walked down the aisle just minutes before him. Although Watkins argues that this shows that Home Depot had actual knowledge of the hazard, the evidence does not support that assumption, and therefore we must determine whether this creates an issue of fact as to Home Depot's constructive knowledge.

Constructive knowledge may be shown in two ways: (1) by showing that a store employee was in the immediate vicinity and had an opportunity to correct the hazardous condition before the fall, or (2) by showing that the substance had been on the floor for a sufficient length of time for knowledge to be imputed to the proprietor. *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980). Watkins does not argue that the substance had been on the floor for a sufficient length of time for it to have been discovered, nor does he argue that Home Depot's inspection procedures on that day were inadequate.

Moreover, we conclude that Watkins's claim that an employee should have noticed the hazard is not supported by any evidence in the record. Constructive knowledge can only be inferred where there is evidence that an employee was in the immediate vicinity of the dangerous condition and could have easily discovered and removed the hazard. Watkins's admission that maybe he could have seen the substance if he had looked down at the spot and knew it was there precludes a determination that Home Depot's employee could have easily noticed and removed it. *Rodriquez v. City of Augusta*, 222 Ga. App. 383, 384 (474 SE2d 278) (1996). Accord *Hardee's Food Systems v. Green*, 232 Ga. App. 864, 867 (502 SE2d 738) (1998).

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED DECEMBER 18, 2002 —
RECONSIDERATION DENIED JANUARY 10, 2003 —

Turner Watkins, *pro se.*
Mozley, Finlayson & Loggins, *Carroll G. Jester, Jr.,* for appellee.