A06A1875. TURNER v. WENDY'S INTERNATIONAL, INC.
(637 SE2d 739)

BLACKBURN, Presiding Judge.

In this slip and fall case, Cathy Turner appeals the grant of summary judgment to Wendy's International, Inc. ("Wendy's"), contending that the trial court erred because issues of material fact precluded the grant of summary judgment. For the reasons that follow, we must reverse.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Matjoulis v. Integon Gen. Ins. Corp.*[1]

So viewed, the record shows that in April 2003, Turner and her sisters were eating lunch at a Wendy's restaurant. As they sat in the dining area, which was carpeted, a Wendy's employee set up at least one "wet floor" warning sign and mopped the tiled areas of the floor by the bathrooms, counter, and exits. After the women finished eating, they left their table and began walking to an exit. When Turner, who walks with a cane, stepped from the carpet to the tile, which was wet from the mopping, she slipped and fell, injuring herself.

Turner filed suit against Wendy's, seeking compensation for her injuries. After discovery, Wendy's moved for summary judgment, arguing that their employee had observed the proper standard of care and that Wendy's had not breached any duty it owed to Turner. Turner argued that the employee was negligent in mopping while too many customers were present, that the employee was negligent in failing to adequately wring out the mop, and that the employee did

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

not adequately place signs warning about the wet floor. The trial court granted Wendy's motion, giving rise to this appeal.

> [I]n order to recover for injuries sustained in a slip-and-fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier. However, the plaintiff's evidentiary proof concerning the second prong is not shouldered until the defendant establishes negligence on the part of the plaintiff — i.e., that the plaintiff intentionally and unreasonably exposed [her]self to a hazard of which the plaintiff knew or, in the exercise of ordinary care, should have known.

*Robinson v. Kroger Co.*[2] See also *Hardee's Food Systems v. Green*[3] (applying *Robinson* analysis to floor cleaning scenario).

Here, because it is undisputed that the floor was wet from the mopping done by the Wendy's employee at the request of his supervisor, Wendy's had actual knowledge of the hazard that caused Turner to slip and fall. There is no evidence that Turner had knowledge of the wet floor prior to falling. Therefore, the analysis here turns on (a) whether Turner intentionally and unreasonably exposed herself to a hazard of which she, in the exercise of ordinary care, should have known, and (b) whether Turner lacked knowledge of the wet floors (despite the exercise of ordinary care) due to actions or conditions within the control of Wendy's.

" '[R]outine' issues of premises liability, i.e., the negligence of the defendant and the plaintiff, and the plaintiff's lack of ordinary care for personal safety are generally not susceptible of summary adjudication, and ... summary judgment is granted only when the evidence is plain, palpable, and undisputed." *Robinson v. Kroger Co.*, supra, 268 Ga. at 749. The evidence is mixed as to Wendy's exercise of care in mopping and Turner's attention to her personal safety. The Wendy's employee testified that he put out three "wet floor" warning signs, but Turner testified that she did not remember seeing any, and her sister testified to only seeing one near an exit after Turner fell. Turner also introduced testimony that the Wendy's employee failed to adequately

[2] *Robinson v. Kroger Co.*, 268 Ga. 735, 749 (2) (b) (493 SE2d 403) (1997).
[3] *Hardee's Food Systems v. Green*, 232 Ga. App. 864 (502 SE2d 738) (1998).

wring out the mop, leaving the floor excessively wet; however, the Wendy's employee testified that he had adequately wrung out the mop.

The Supreme Court of Georgia has instructed all courts in this state that "[w]here reasonable minds can differ as to the conclusion to be reached with regard to questions of whether an owner/occupier breached the duty of care to invitees and whether an invitee exercised reasonable care for personal safety, summary adjudication is not appropriate." *Robinson v. Kroger Co.*, supra, 268 Ga. at 740 (1). As "an invitee's failure to exercise ordinary care is not established as a matter of law by the invitee's admission that he did not look at the site on which he placed his foot or that he could have seen the hazard had he visually examined the floor before taking the step which led to his downfall," id. at 748 (2) (b), construing the evidence most favorably to Turner, we cannot hold as a matter of law that Turner should have known about the hazardous condition of the wet floors. This is not a case where the plaintiff saw the employee mopping the floor and proceeded to walk on the wet floor anyway. See *Hardee's Food Systems v. Green*, supra, 232 Ga. App. at 864. Nor is it a case "where the plaintiff's knowledge of the risk is clear and palpable." *Brown v. Carlisle.*[4] Therefore, we must reverse the grant of summary judgment.

*Judgment reversed. Mikell and Adams, JJ., concur.*

DECIDED OCTOBER 4, 2006 —
RECONSIDERATION DENIED OCTOBER 30, 2006.

*Gammon, Anderson & McFall, W. Wright Gammon, Jr.*, for appellant.

*Weinberg, Wheeler, Hudgins, Gunn & Dial, Jennifer R. Bradford, Johnathan T. Krawcheck*, for appellee.

---

[4] *Brown v. Carlisle*, 214 Ga. App. 483, 484 (448 SE2d 256) (1994).