A07A0599. PRESCOTT v. COLONIAL PROPERTIES TRUST, INC. et al.
(642 SE2d 425)

BLACKBURN, Presiding Judge.

In this slip and fall case, Linda Prescott appeals the grant of summary judgment in favor of Colonial Properties Trust, Inc. ("Colonial") and Micro Management Systems, Inc. ("Micro"), contending that material issues of fact exist as to whether the defendants had constructive knowledge of the hazard that caused her to slip and fall. For the reasons that follow, we affirm in part and reverse in part.

We review the trial court's grant of summary judgment de novo to determine if the evidence demonstrates any

---

genuine issue of material fact. To prevail, the moving party must demonstrate that there are no genuine issues of any material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, support judgment as a matter of law. A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case.

(Punctuation and footnotes omitted.) *Shepard v. Winn Dixie Stores.*[1]

So viewed, the record shows that while Prescott was walking in the common area of a mall owned by Colonial, she was injured when she slipped on a wet substance and fell on the tile floor. Shortly after she fell, a janitor was called to clean the substance up, and Prescott was thereafter taken to the hospital where she was treated for her injuries.

Prescott sued Colonial (the mall owner), Micro (Colonial's cleaning contractor), and another contractor whom Prescott never served. After deposing Prescott, Colonial and Micro moved for summary judgment on the ground that Prescott had not shown that the defendants had superior knowledge of the wet spot. The trial court granted both motions, giving rise to this appeal.

Prescott contends that the record shows that the defendants had superior knowledge of the wet substance, and that the trial court therefore erred in granting the defendants' motions. We agree in part.

1. *Knowledge of Colonial.* In a premises liability action against an owner, "in order to recover for injuries sustained in a slip-and-fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier." *Robinson v. Kroger Co.*[2]

Here, Prescott concedes that neither Colonial nor its contractor Micro had actual knowledge of the wet substance on which she slipped. Nor is there any evidence that the wet substance was due to cleaning done by Colonial or its contractor Micro. Cf. *Turner v. Wendy's Intl.*[3] (noting actual knowledge due to restaurant's recent floor cleaning activities). Therefore, Prescott must point to some evidence that Colonial had constructive knowledge of the substance.

---

[1] *Shepard v. Winn Dixie Stores*, 241 Ga. App. 746, 747 (527 SE2d 36) (2000).

[2] *Robinson v. Kroger Co.*, 268 Ga. 735, 748-749 (2) (b) (493 SE2d 403) (1997).

[3] *Turner v. Wendy's Intl.*, 282 Ga. App. 121, 122 (637 SE2d 739) (2006).

Constructive knowledge can be established in one of two ways: (1) by evidence that employees were in the immediate vicinity and easily could have noticed and removed the hazard, or (2) by evidence that the substance had been on the floor for such a time that (a) it would have been discovered had the proprietor exercised reasonable care in inspecting its premises, and (b) upon being discovered, it would have been cleaned up had the proprietor exercised reasonable care in its method of cleaning its premises.

*Hardee's Food Systems v. Green.*[4]

Here, Prescott concedes that she did not see any employees in the area when she fell, and she does not know how long the spill was there, but she nevertheless argues that an employee should have seen the spill.

To withstand a motion for summary judgment [based on the amount of time a spill was on the floor], *a plaintiff need not show how long a substance has been on the floor unless the defendant has established that reasonable inspection procedures were in place and followed at the time of the incident.*

(Punctuation omitted; emphasis supplied.) *J. H. Harvey Co. v. Reddick.*[5] Accord *Straughter v. J. H. Harvey Co.*[6]

Here, no evidence was provided by either defendant as to the existence of inspection procedures or whether any inspection had occurred. Cf. *Wallace v. Wal-Mart Stores*[7] (affirming summary judgment where evidence showed employee had "been through the area 15 to 20 minutes before the fall and did not notice" the hazard) (punctuation omitted). Therefore,

[b]ecause [Colonial] failed to present evidence of reasonable inspection procedures, [Prescott] has the benefit of an inference of [Colonial's] constructive knowledge of the hazard. Accordingly, the trial court erred in granting [Colonial] summary judgment based upon its determination that no jury issue existed on whether [Colonial] inspected the area immediately prior to [Prescott's] fall.

---

[4] *Hardee's Food Systems v. Green*, 232 Ga. App. 864, 866 (2) (502 SE2d 738) (1998).

[5] *J. H. Harvey Co. v. Reddick*, 240 Ga. App. 466, 470 (1) (b) (522 SE2d 749) (1999).

[6] *Straughter v. J. H. Harvey Co.*, 232 Ga. App. 29, 30 (1) (500 SE2d 353) (1998).

[7] *Wallace v. Wal-Mart Stores*, 272 Ga. App. 343, 347 (612 SE2d 528) (2005).

*Davis v. Bruno's Supermarkets.*[8]

2. *Knowledge of Micro.* In contrast to an owner/occupier, which has a "nondelegable duty to exercise ordinary care to keep the premises . . . safe for invitees[,]" a cleaning "service [has] no independent duty to inspect the premises of the occupier for the safety of the occupier's invitees." *Greene v. Piedmont Janitorial Svcs.*[9] See OCGA § 51-3-1. Although "an independent contractor may be liable to third parties for negligent performance of contract work," *R & S Farms, Inc. v. Butler*,[10] Prescott does not provide any evidence that any Micro employee wrongfully failed to clean the spot on which she slipped. Therefore, in light of the absence of such evidence with respect to Micro, we affirm the grant of summary judgment in favor of Micro.

*Judgment affirmed in part and reversed in part. Ruffin and Bernes, JJ., concur.*

DECIDED FEBRUARY 27, 2007.

*Vincent D. Sowerby*, for appellant.

*Drew, Eckl & Farnham, Christopher J. O'Donnell, Francis C. Schenck*, for appellees.

---

[8] *Davis v. Bruno's Supermarkets*, 263 Ga. App. 147, 150 (1) (587 SE2d 279) (2003).

[9] *Greene v. Piedmont Janitorial Svcs.*, 220 Ga. App. 743, 744 (2) (470 SE2d 270) (1996).

[10] *R & S Farms, Inc. v. Butler*, 258 Ga. App. 784, 788 (575 SE2d 644) (2002).