A08A0612. SOMERS et al. v. M.A.U., INC. et al.
(658 SE2d 242)

BLACKBURN, Presiding Judge.

In this slip-and-fall action, the three plaintiffs (Stacy Somers, her husband, and her bankruptcy trustee) appeal the summary judgment awarded to defendants M.A.U., Inc. and Pedro Giraldo (owners of a restaurant franchise), arguing that some facts showed that the restaurant's employees had constructive knowledge of the foreign substance that caused Somers to fall. Because some evidence showed that three of those employees were in the immediate vicinity of the accident and could have easily seen and removed the hazard, the evidence created an issue of fact as to the constructive knowledge of the defendants, which requires us to reverse the judgment below.

Summary judgment is only proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view

the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. *Matjoulis v. Integon Gen. Ins. Corp.*[1]

So viewed, the evidence shows that in July 2002, Somers, who managed a clothing store, entered the neighboring restaurant franchise owned by defendants and went directly to the cashier to order some food and to obtain change for a large bill. As Somers was leaving the counter, she turned to exit the restaurant and, within seven feet of the cashier and of another employee at the counter, slipped on a softball-sized (four-to-five inch diameter) accumulation of sticky liquid on the floor, causing her to fall and injure her left knee. A third employee at an even closer pastry counter was only two-to-three feet away from Somers when she fell.

Somers, her husband, and her bankruptcy trustee sued the franchise owners to recover for her injuries and for her husband's loss of consortium. The franchise owners moved for summary judgment, arguing that they had no actual or constructive knowledge of the hazard. The trial court agreed and granted defendants summary judgment, giving rise to this appeal.

A business owner is liable to invitees for injuries caused by his failure to exercise ordinary care in keeping the business premises and approaches safe. OCGA § 51-3-1. *Robinson v. Kroger Co.*[2] held

> that, in order to recover for injuries sustained in a slip-and-fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier.

Here, the defendants in their summary judgment motion argued only that they had no actual or constructive knowledge of the hazard. Plaintiffs conceded that the defendants had no evidence of actual knowledge but argued that evidence showed defendants had constructive knowledge of the hazard.

"[C]onstructive knowledge can be established in one of two ways: by evidence that an employee was in the immediate area of the hazard and could easily have discovered and removed it, or by showing that the owner did not use reasonable care in inspecting the premises." (Punctuation omitted.) *Taylor v. AmericasMart Real Estate.*[3] See

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

[2] *Robinson v. Kroger Co.*, 268 Ga. 735, 748-749 (2) (b) (493 SE2d 403) (1997).

[3] *Taylor v. AmericasMart Real Estate*, 287 Ga. App. 555, 560 (2) (651 SE2d 754) (2007).

*Prescott v. Colonial Properties Trust.*[4] Thus, if the plaintiff can present some evidence "that an employee of the proprietor was in the immediate area of the hazardous condition and could have easily seen the substance," the issue of constructive knowledge is disputed, and summary judgment must be denied. (Punctuation omitted.) *Straughter v. J. H. Harvey Co.*[5]

*Dix v. Kroger Co.*[6] is a good example of a plaintiff's presenting such evidence. In *Dix*, the plaintiff slipped on a grape in the defendant store's produce department. Id. at 19. Less than five minutes before the accident, a store employee had inspected the area in question and found no hazards. Id. at 19-20. However, plaintiff showed that three store employees were working at a service counter some 20-25 feet away and had an unobstructed view of the area where the fall occurred. Id. Plaintiff testified that it was possible that the grape was visible on the floor. Id. at 20. Based on this evidence, we held that a material issue of fact existed as to the store's constructive knowledge of the hazard, and we therefore reversed the trial court's grant of summary judgment to the defendant store. Id. at 21-22.

Here, as in *Dix*, some evidence showed that an employee had inspected the area only minutes prior to the accident. Nevertheless, also as in *Dix*, the evidence also showed that three employees of the restaurant were within a short distance (here seven feet) of the area where the accident occurred and were facing that area. Those employees had a clear, unobstructed view of that floor area. Plaintiff testified that she did not see the foreign substance prior to falling, but that she did see it after she fell and that she would have seen it (i.e., it was visible) had she looked down at the floor prior to falling. Indeed, another employee of the restaurant testified that "if there was something on the floor where . . . [plaintiff] had fallen, if there was anything there[,] they would have been able to see it from the cashier."

This evidence shows that there is at least a disputed issue of fact as to whether the franchise owners had constructive knowledge of the hazard. See *Dix v. Kroger Co.*, 257 Ga. App. at 21; *Deal v. Children's World Learning Centers*[7] (employee facing area of puddle was only three feet away; summary judgment reversed). The cases cited by the franchise owners in their appellate brief as sustaining summary judgments are distinguishable as either having plaintiff's admission that the foreign substance was not visible (see, e.g., *Watkins v. Home*

---

[4] *Prescott v. Colonial Properties Trust*, 283 Ga. App. 753, 755 (1) (642 SE2d 425) (2007).

[5] *Straughter v. J. H. Harvey Co.*, 232 Ga. App. 29 (1) (500 SE2d 353) (1998).

[6] *Dix v. Kroger Co.*, 257 Ga. App. 19 (570 SE2d 89) (2002).

[7] *Deal v. Children's World Learning Centers*, 235 Ga. App. 236, 238-239 (2) (b) (509 SE2d 134) (1998).

*Depot U.S.A.;*[8] *Bolton v. Wal-Mart Stores*[9]) or as lacking any evidence on the first method of proving constructive knowledge and instead focusing on the second method (lack of reasonable care in inspecting the premises) (see, e.g., *Markham v. Schuster's Enterprises;*[10] *Matthews v. The Varsity, Inc.*[11]).

Accordingly, the trial court erred in granting summary judgment to the defendant franchise owners here.

*Judgment reversed. Miller and Ellington, JJ., concur.*

DECIDED FEBRUARY 22, 2008.

*Hertz, Link & Smith, Mark D. Link, William T. Johnson*, for appellants.

*Frederick A. Johnson*, for appellees.

---

[8] *Watkins v. Home Depot U.S.A.*, 259 Ga. App. 168, 169 (576 SE2d 563) (2003).
[9] *Bolton v. Wal-Mart Stores*, 257 Ga. App. 198, 198-199 (570 SE2d 643) (2002).
[10] *Markham v. Schuster's Enterprises*, 268 Ga. App. 313, 314-315 (601 SE2d 712) (2004).
[11] *Matthews v. The Varsity, Inc.*, 248 Ga. App. 512, 513-514 (2) (546 SE2d 878) (2001).