**FIRST DIVISION
BARNES, P. J.,
BROWN and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**June 9, 2022**

# In the Court of Appeals of Georgia

A22A0821. FAIRVIEW PARK, LIMITED PARTNERSHIP et al. v. RODDENBERRY.

BROWN, Judge.

Following a slip and fall at Fairview Park Hospital, Glenda Roddenberry filed suit against Fairview Park, Limited Partnership ("Fairview"), the owner and operator of the hospital, and Hospital Housekeeping Systems, LLC ("HHS"), the independent contractor that provided janitorial services to the hospital (collectively "defendants"), for injuries she sustained. Defendants moved for summary judgment, which the trial court denied. We granted defendants' application for interlocutory appeal in order to review the trial court's ruling, which we now affirm in part and reverse in part.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal

from a grant or denial of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

(Citation and punctuation omitted.) *Ingles Markets v. Seymour*, 356 Ga. App. 889 (849 SE2d 715) (2020). So viewed, the record shows that Roddenberry stayed with her husband overnight while he was a patient at Fairview Park Hospital and slipped and fell on a "trail" of a substance on the floor — presumed to be water — while walking near the nurses' station, injuring her knee and wrist. Roddenberry did not see the substance until after she had slipped on it. Roddenberry described the substance as odorless and colorless and testified that her jeans were "wet" after the fall and that she felt wetness on her hand. Unidentified nurses at the nurses' station told Roddenberry that the water "must have got on there from the janitor where she pulled the trash bag out and then — and left a trail of water on [the floor]" because "it was leaking when she took it out." Roddenberry was not sure if the nurse saw the substance before she slipped, though at one point in her deposition she confirmed that the nurse did not see the substance before Roddenberry slipped, but she saw it after Roddenberry slipped. Sometime after the fall, a janitor came into Roddenberry's husband's hospital room and said she was sorry that Roddenberry had fallen.

2

Roddenberry sued Fairview and HHS, alleging that defendants failed to provide sufficient warning of the substance by failing to inspect and discover the substance, failing to remove the substance, and by failing to use ordinary care to prevent hazardous conditions that could result in a slip and fall incident. Defendants moved for summary judgment, alleging that Roddenberry failed to provide any evidence that defendants had actual or constructive knowledge of the dangerous condition, caused or contributed thereto, or that the conduct of any HHS employee proximately caused the incident. The trial court denied defendants' motion. Although it concluded that there was no evidence presented that defendants had actual knowledge of the substance on the floor prior to the incident it found genuine issues with regard to constructive knowledge. With regard to constructive knowledge, the trial court acknowledged that Roddenberry had not established that an employee was in the immediate vicinity with an opportunity to correct the hazard but that constructive knowledge was inferred because defendants presented no evidence that they conducted inspections or had any other policy or procedure in place. The court referenced testimony from a hospital nurse that he was trained to put up wet floor signs as soon as possible or immediately upon seeing a spill for the safety of patients

3

and family members.[1] This nurse deposed that there was neither a policy nor specific instructions in place for someone to routinely inspect the floor "every 30 minutes or every hour," it was just part of "yearly competency training. . . . [W]e're trained when we see a spill to address that as quickly as possible in putting up wet floor signs and, you know, just maintaining a safe area for the patients and patient family members." The trial court concluded, however, that whether inspections were reasonable and sufficiently carried out was a question for a factfinder, which warranted the denial of summary judgment to both defendants.

1. Defendants contend that the trial court erred in finding that Fairview's constructive knowledge could be inferred where Roddenberry offered only speculation that the "indiscernible substance was discoverable by a reasonable inspection procedure." We disagree.

In order to recover in a premises liability action against an owner, a plaintiff must establish "(1) the defendant had actual or constructive knowledge of the hazard; and (2) the plaintiff, despite exercising ordinary care for his or her own personal

[1] There also was testimony from a former nurse that hospital policy required employees to get a "do-not-slip sign and get something to clean" up a liquid or substance on the floor, but that there was no policy or procedure that he had to follow for inspecting his work station or work area for potential hazards.

4

safety, lacked knowledge of the hazard due to the defendant's actions or to conditions under the defendant's control." *American Multi-Cinema v. Brown*, 285 Ga. 442, 444 (2) (679 SE2d 25) (2009). In this case, there is no evidence that Fairview had actual knowledge of the substance on which Roddenberry slipped. Accordingly, Roddenberry must point to some evidence that Fairview had constructive knowledge of the substance.

> Constructive knowledge can be established in one of two ways: (1) by evidence that employees were in the immediate vicinity and easily could have noticed and removed the hazard, or (2) by evidence that the substance had been on the floor for such a time that (a) it would have been discovered had the proprietor exercised reasonable care in inspecting its premises, and (b) upon being discovered, it would have been cleaned up had the proprietor exercised reasonable care in its method of cleaning its premises.

(Citation and punctuation omitted.) *Prescott v. Colonial Properties Trust*, 283 Ga. App. 753, 755 (1) (642 SE2d 425) (2007). "Constructive knowledge [also] may be inferred when there is evidence that the owner lacked a reasonable inspection procedure." (Citation and punctuation omitted.) *Ingles Markets v. Martin*, 236 Ga. App. 810, 811 (513 SE2d 536) (1999). "In order to prevail at summary judgment based on lack of constructive knowledge, the owner must demonstrate not only that

5

it had a reasonable inspection program in place, but that such program was actually carried out at the time of the incident." Id. "[I]n order to withstand a motion for summary judgment, a plaintiff need not show how long a substance has been on the floor unless the defendant has established that reasonable inspection procedures were in place and followed at the time of the incident." *Straughter v. J.H. Harvey Co.*, 232 Ga. App. 29, 30 (1) (500 SE2d 353) (1998).

Although Fairview produced its Safety Management Plan and Hazardous Material and Waste Management Plan in response to Roddenberry's first request for production of documents, those plans do not list specific policies or procedures to be followed or detail a program in place at the hospital for inspecting the floor for hazardous or dangerous substances. Moreover, although the hospital nurse deposed that he was trained to put up wet floor signs as soon as possible or immediately upon seeing a spill for the safety of patients and family members, he did not testify that the hospital had in place an inspection policy or procedure. Because Fairview failed to present evidence of reasonable inspection procedures, an inference of constructive knowledge can be established and the trial court correctly denied summary judgment to Fairview. See *Prescott*, 283 Ga. App. at 755 (1); *Davis v. Bruno's Supermarkets*, 263 Ga. App. 147, 150 (1) (587 SE2d 279) (2003) (where store failed to present

6

evidence of reasonable inspection procedure, plaintiff has the benefit of an inference of the store's constructive knowledge of the hazard). See also *Jones v. Krystal Co.*, 231 Ga. App. 102, 105 (e) (498 SE2d 565) (1998).[2]

2. Defendants next contend that the trial court erred by finding an issue of fact as to HHS's constructive knowledge of the hazard given that HHS is not an owner or occupier of the premises and Roddenberry offered no evidence that HHS was negligent. In essence, defendants believe that the trial court erroneously conflated the duty owed by Fairview, the owner/occupier of the premises, with that owed by HHS, the independent contractor. We agree.

---

[2] Defendants contend that Roddenberry was provided with every opportunity to show that the liquid was present in sufficient quantity that a Fairview employee could have discovered it upon inspection and that therefore the facts of this case are "analogous to those analyzed [in] *Blake* [*v. Kroger Co.*, 224 Ga. App. 140 (480 SE2d 199) (1996)]." *Blake* is inapposite. In that case, the plaintiff saw only skid marks from his shoes on the floor where he fell, and even though an employee found a small amount of clear liquid, the plaintiff's "other testimony does not clearly show the employee found a small amount of clear liquid on the floor." Id. at 140-141. The plaintiff did not see anything on the floor, and the floor where he was walking "'appeared to be clean and free of any defects.'" (Punctuation omitted.) Id. at 141. In this case, Roddenberry slipped on a clear, odorless trail of a substance on the floor of the hospital that left wetness on her pant leg. And even though she did not see the substance before she slipped on it, she testified that after she fell, she saw the trail and felt wetness on her hand and pant leg, and that "you could see [the water] pretty good [on her clothes]." The facts of this case are not "analogous to those analyzed [in] *Blake*."

7

"In contrast to an owner/occupier, which has a nondelegable duty to exercise ordinary care to keep the premises safe for invitees, a cleaning service has no independent duty to inspect the premises of the occupier for the safety of the occupier's invitees." (Citation and punctuation omitted.) *Prescott*, 283 Ga. App. at 756 (2). See also *Taylor v. AmericasMart Real Estate*, 287 Ga. App. 555, 557 (1) (a) (651 SE2d 754) (2007); *Greene v. Piedmont Janitorial Svcs.*, 220 Ga. App. 743, 744 (2) (470 SE2d 270) (1996) ("OCGA § 51-3-1 imposes on the janitorial service no independent duty to inspect the premises of the occupier for the safety of the occupier's invitees."). Here, as set out above, the trial court applied premises liability law to both defendants, treating them both as owners of the hospital; defendants are correct that the trial court erroneously conflated the duty owed by Fairview, the owner/occupier of the premises, with that owed by HHS, the independent contractor, in reaching its decision to deny summary judgment to defendants.

Moreover, defendants are correct that Roddenberry has offered no evidence that HHS was negligent. "Although an independent contractor may be liable to third parties for negligent performance of contract work," *Prescott*, 283 Ga. App. at 756 (2), the only evidence that an HHS employee left the trail of water came from unidentified nurses who allegedly told Roddenberry that the water leaked out of a

8

trash bag when it was pulled out by a janitor and an unidentified janitor who allegedly apologized to Roddenberry. But HHS correctly asserts that the nurses' statements are inadmissible hearsay, which we may not consider.

> [E]vidence offered on motion for summary judgment is held to the same standards of admissibility as evidence at trial, and evidence inadmissible at trial is generally inadmissible on motion for summary judgment. Hearsay is never admissible and has no probative value unless it comes within a recognized exception to the rule. In keeping with this principle, we have prohibited slip and fall plaintiffs from trying to create an issue of fact as to the proprietor's knowledge of a hazard by pointing to alleged statements of unknown employees who cannot be identified, located, summoned and cross-examined. This is because evidence imputing superior knowledge only at the suggestion of a statement allegedly made by a mystery person is completely unreliable. It is the very essence of hearsay.

(Citation and punctuation omitted.) *Barich v. Cracker Barrel Old Country Store*, 244 Ga. App. 550, 551-552 (1) (536 SE2d 221) (2000). See also *Cohen v. Target Corp.*, 256 Ga. App. 91, 92-93 (567 SE2d 733) (2002) (where plaintiff claimed that an unnamed woman told her someone else had fallen there that day, the woman's statement was not admissible). See also *Westmoreland v. Walgreen Co.*, 362 Ga. App. 119, 121 (866 SE2d 832) (2021) (plaintiff's testimony that unidentified Walgreens

employee said that similar incident had happened just a week before and that plaintiff had overheard one employee tell another employee that bottles fell out of the cooler again inadmissible hearsay). Compare *Watson v. Kroger Co.*, 231 Ga. App. 741, 742-743 (1) (500 SE2d 631) (1998) (evidence that unidentified grocery store employee told plaintiff's grandson that "they had been meaning to clean up that area" where the plaintiff fell was admissible over hearsay objection to oppose store's motion for summary judgment where grandson was able to identify employee as black male wearing an apron working in the produce department and store manager testified that only one employee was working in the produce department that day; manager identified that employee and the employee was deposed).

"Causation is always an essential element in slip or trip and fall cases." (Citation and punctuation omitted.) *Imperial Investments Doraville v. Childers*, 303 Ga. App. 490, 491 (1) (693 SE2d 834) (2010). To defeat a motion for summary judgment, the plaintiff must point to evidence that her injury resulted from the allegedly negligent conduct of the defendant — here, defendants' failure to provide notice of or clean up the spill. But "[a] mere possibility of such causation is not enough[.]" (Citation and punctuation omitted.) *Shadburn v. Whitlow*, 243 Ga. App. 555, 556 (533 SE2d 765) (2000). "Although the plaintiff is entitled to the benefit of

all reasonable inferences to be drawn from the evidence, such inferences cannot be based on mere conjecture or possibility or upon evidence which is too uncertain or speculative." (Citation and punctuation omitted.) *Canaan Land Properties v. Herrington*, 330 Ga. App. 17, 20 (1) (766 SE2d 493) (2014). Here, the trial court concluded that HHS did not have actual knowledge of the spill. The only evidence as to the role of any HHS employee was that an unidentified nurse told Roddenberry that she saw a janitor, also unidentified, remove a bag from a trash can and the bag leaked onto the floor.

> [N]egligence is not to be presumed, but is a matter for affirmative proof. Indeed, without some affirmative proof of negligence, we must presume performance of duty and freedom from negligence. Furthermore, the fact that an accident occurred and a plaintiff suffered injury establishes no basis for recovery unless the plaintiff comes forward with evidence showing that the accident was caused by the defendant's negligence. This is because guesses or speculation which raise merely a conjecture or possibility are not sufficient to create even an inference of fact for consideration on summary judgment. Instead, a plaintiff must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result.

(Citations, punctuation, and emphasis omitted.) *Ireland v. Williams*, 351 Ga. App. 124, 129 (1) (830 SE2d 538) (2019) (physical precedent only). For these reasons, we reverse the trial court's denial of summary judgment to HHS.

*Judgment affirmed in part and reversed in part. Barnes, P. J., and Hodges, J., concur*.