## A98A2372. BURNETT v. INGLES MARKETS, INC.
### (514 SE2d 65)

McMURRAY, Presiding Judge.

Janice Burnett brought an action against Ingles Markets, Inc. ("Ingles") for injuries she allegedly sustained when she slipped and fell on a grape that was on the floor of the sugar aisle at Ingles' grocery store. Burnett deposed that she did not see the grape because she "had just turned the corner when [she] fell. . . ." Ingles denied liability and filed a motion for summary judgment.

Burnett testified during her deposition that she fell less than five minutes after she and her husband entered the grocery store; that the incident occurred as she was turning into the sugar aisle, and that she first noticed the grape hazard (several green grapes) after she hit the deck, as bystanders were helping her off the floor. Burnett testified that she looked at her foot after the fall and saw a grape "on the bottom of [her] shoe. . . ."

Ronald Terry McManus, employed by Ingles as an assistant manager on the day Burnett fell, deposed that he was on duty when Burnett fell; that it was his "routine to inspect the store premises and floors every [15] minutes"; that he inspected the area where Burnett fell no more than 15 minutes before the fall, and that this inspection revealed "no hazardous substances and/or grapes." Assistant Manager McManus further deposed (in pertinent part) as follows: "Immediately after completing this inspection of the premises, I learned that several children had dropped grapes on the floor in the produce

department. This was the first time, I received notice of grapes on any part of the Ingles store floor that day. Upon learning this information, I immediately went to the produce department and removed the grapes from the floor. . . . Just as I completed removing grapes in the produce area of the store, I received notice that Ms. Burnett had slipped and fallen on a grape in or near Aisle Eight."

Burnett's husband, William Burnett, deposed in his affidavit:

While in Ingles on the day my wife fell, I saw the manager of the store, Mr. McManus, before my wife fell, and he was not cleaning up grapes at the produce section at that time. . . . After the fall, Mr. McManus talked to me and told me that a Mexican woman with children had been shopping in the store and the children were playing with and throwing grapes. . . . *AT NO TIME* did Mr. McManus tell my wife in my presence or me that he had cleaned up any grapes at the produce section. . . . After the fall, I saw personnel of Ingles store go to the store office and advise him of the fall and he came to the location of the fall and talked to me and my wife.

This appeal followed the trial court's order granting Ingles' motion for summary judgment. *Held*:

In *Robinson v. Kroger Co.*, 268 Ga. 735 (493 SE2d 403) (1997), the Supreme Court of Georgia expressly reminded members of the judiciary that "the 'routine' issues of premises liability, i.e., the negligence of the defendant and the plaintiff, and the plaintiff's lack of ordinary care for personal safety are generally not susceptible of summary adjudication, and that summary judgment is granted only when the evidence is plain, palpable, and undisputed." The *Robinson* Court further stated that it purported to "lighten the load" placed on slip and fall plaintiffs by many of our recent decisions.

*Dobbins v. Bi-Lo*, 230 Ga. App. 119, 120 (494 SE2d 397). The *Robinson* Court also held that

in order to recover for injuries sustained in a slip-and-fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier.

*Robinson v. Kroger Co.*, 268 Ga. 735, 748-749, supra.

In the case sub judice, Burnett deposed that she did not see the hazard that allegedly caused her to fall because she "had just turned the corner when [she] fell." We find this explanation sufficient to raise genuine issues of material fact as to whether Burnett exercised ordinary care for her own safety. See *Robinson v. Kroger Co.*, 268 Ga. 735 (1), 739-740, supra. The remaining issue, then, is whether Ingles satisfied its burden of showing that it did not have actual or constructive knowledge of the alleged hazard.

> In support of a summary judgment motion, the defendant in a slip-and-fall action still bears the onus of establishing the nonexistence of every material fact, namely, disproving its actual knowledge and pointing out the absence of evidence of its constructive knowledge of the alleged hazard. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474).

(Emphasis omitted.) *McConnell v. Smith & Woods Mgmt. Corp.*, 233 Ga. App. 447, 449 (3) (504 SE2d 526). After determining in the case sub judice that actual knowledge was not an issue, the trial court concluded that Assistant Manager McManus' affidavit established Ingles' lack of constructive knowledge, as a matter of law, because it showed that routine inspection practices were in place, had been complied with and did not reveal a hazard on the day Burnett fell. While such proof has been found to be sufficient to authorize summary adjudication as to the absence of a proprietor's constructive knowledge (*Morris v. Ryan's Family Steak Houses*, 206 Ga. App. 369 (425 SE2d 362)), summary adjudication as to constructive knowledge arising from the duty to inspect is not authorized absent plain, palpable and undisputable proof that customary inspection procedures or cleaning practices were in place, were actually followed and were adequate to guard against known or foreseeable dangers at the time of the patron's alleged injuries. *Straughter v. J. H. Harvey Co.*, 232 Ga. App. 29, 30-31 (1) (500 SE2d 353); *Jones v. Krystal Co.*, 231 Ga. App. 102, 103, n. 1 (498 SE2d 565). The evidence in the case sub judice does not satisfy these criteria.

First, proof that Assistant Manager McManus did not conduct or order a store-wide inspection after learning that children had been throwing grapes in his store raises genuine issues of material fact as to whether Ingles took adequate and reasonable steps to guard against known or foreseeable dangers posed by this activity. See *Jones v. Krystal Co.*, 231 Ga. App. 102, 103, n. 1, supra. Second, Ingles' proof regarding its assistant manager's inspection activities on the day of Burnett's fall is not plain, palpable and undisputable. See *Axom v. Wendy's Intl.*, 219 Ga. App. 623, 624, n. 1 (466 SE2d 613).

Although Assistant Manager McManus' affidavit indicates that he was either inspecting the premises or cleaning the store's produce section while the Burnetts were in the store, Burnett's husband's affidavit indicates that McManus was not then engaged in either activity. Mr. Burnett deposed that he saw McManus before his wife fell; that McManus was not then cleaning up grapes in the store's produce section (as McManus deposed) and that he saw McManus in the store's office (not the produce section as McManus deposed) when employees informed him about Burnett's fall. These circumstances raise genuine issues of material fact as to whether customary inspection procedures were in place on the day Burnett fell and whether McManus actually executed such an inspection no more than 15 minutes before Burnett fell. A jury trial is essential for resolution of such issues of fact "because a witness, however fair and honest and truthful, may not be careful enough, and it is to the interest of justice to expose the blundering of a witness, as well as his willful departures from veracity." *Harris v. Central R.*, 78 Ga. 525, 534 (3) (3 SE 355).

The trial court erred in granting Ingles' motion for summary judgment.

*Judgment reversed. Blackburn and Eldridge, JJ., concur.*

DECIDED MARCH 10, 1999 —

*Troy R. Millikan,* for appellant.
*Donahue, Hoey, Rawls, Skedsvold & Richards, William J. Rawls II, Craig R. White,* for appellee.

