A02A1071. BOLTON v. WAL-MART STORES, INC. et al.
(570 SE2d 643)

ANDREWS, Presiding Judge.

Christine Bolton appeals from the trial court's grant of summary judgment to Wal-Mart Stores, Inc. and John Doe, an unidentified Wal-Mart manager, in her premises liability action.

Bolton testified in her deposition that she slipped and fell in a clear substance which she opined might have been dishwashing liquid while shopping at the store. She offered no evidence concerning how long the substance had been on the floor. Wal-Mart submitted the affidavit of the assistant manager of the store who stated that he was in the exact location of Bolton's fall ten to fifteen minutes before the fall and that at that time the floor was free from any liquid soap or other foreign substance. The trial court granted Wal-Mart's motion for summary judgment, finding that there was no evidence that Wal-Mart had either actual or constructive knowledge of the substance on the floor.

Bolton urges error in the trial court's finding that Wal-Mart did not have constructive knowledge of the substance on the floor. Constructive knowledge may be shown in two ways: by showing that an employee of the defendant was in the immediate vicinity of the fall and had an opportunity to correct the hazardous condition before the fall; or by showing that the substance had been on the floor for a sufficient length of time that it would have been discovered and removed had the proprietor exercised reasonable care in inspecting the premises. *Wentworth v. Eckerd Corp.*, 248 Ga. App. 94, 95 (545 SE2d 647) (2001); *Roberson v. Winn-Dixie Atlanta*, 247 Ga. App. 825 (544 SE2d 494) (2001). Bolton argues that Wal-Mart's knowledge is shown by the fact that there were employees in the immediate vicinity at the time of the fall.

Showing that an employee was in the vicinity of a foreign substance is not sufficient to preclude summary judgment. It must be shown that the employee was in a position to have easily seen the substance and removed it. *Hardee's Food Systems v. Green*, 232 Ga. App. 864, 866-867 (2) (a) (502 SE2d 738) (1998); *Haskins v. Piggly Wiggly Southern*, 230 Ga. App. 350, 351 (496 SE2d 471) (1998). Further, even Bolton stated that "[b]etween the lights and the color of

that floor and where it was at, I would have never seen it in a million years."

Wal-Mart's evidence that a different employee was in the exact area ten to fifteen minutes earlier and that the floor was clear of any substance at that time is unrefuted. We agree that in light of these facts Bolton has failed to establish either actual or constructive knowledge in this case, and that the trial court did not err in granting summary judgment to Wal-Mart. *Wentworth*, 248 Ga. App. at 97; *Roberson*, 247 Ga. App. 826; *Mazur v. Food Giant*, 183 Ga. App. 453, 454 (1) (359 SE2d 178) (1987).

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED AUGUST 28, 2002.

*Hinton & Powell, Andrew J. Hinton, Jr.*, for appellant.
*McLain & Merritt, Albert J. Decusati*, for appellees.