### A05A0486. THE KROGER COMPANY v. WILLIAMS.
(617 SE2d 160)

BERNES, Judge.

Ruby Williams brought the instant action against The Kroger Company after she slipped and fell on a pole bean in the produce department of a Kroger grocery store located in Gwinnett County. Williams claimed that the torn rotator cuff she suffered as a result of her fall was caused by Kroger's failure to exercise ordinary care in keeping its premises safe for invitees. The trial court denied Kroger's motion for summary judgment, and we thereafter granted Kroger's application for discretionary review. We conclude that the undisputed evidence shows that Kroger had no actual or constructive knowledge of the hazard before Williams slipped and fell. Accordingly, we reverse.

In *Robinson v. Kroger Co.*, 268 Ga. 735, 748-749 (2) (b) (493 SE2d 403) (1997), the Supreme Court of Georgia held that recovery in a slip and fall action requires that "an invitee . . . prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to the actions or conditions within the control of the owner/occupier." See also *Hardee's Food Systems v. Green*, 232 Ga. App. 864, 865-866 (1) (502 SE2d 738) (1998). Our review of the record evidence, which is de novo in this context,[1] leads us to conclude that, as a matter of law, Williams cannot meet the first prong of this test.

---

[1] "On appeal from the grant of summary judgment this Court conducts a de novo review of

As an initial matter, Williams presented no evidence that any Kroger employee had actual knowledge of the bean on the floor before the incident. Indeed, Williams testified that before her fall, she saw no Kroger employees in the produce department. Moreover, when asked whether she had "any reason to think that anybody at the store knew that the green bean was on the floor," Williams answered, "Oh, no." Thus, Williams' personal injury claim can survive summary judgment only if there is some evidence in the record indicating that Kroger had constructive knowledge of the bean on the floor prior to her fall.

> Constructive knowledge may be shown in two ways: by showing that an employee of the defendant was in the immediate vicinity of the fall and had an opportunity to correct the hazardous condition before the fall; or by showing that the substance had been on the floor for a sufficient length of time that it would have been discovered and removed had the proprietor exercised reasonable care in inspecting the premises. *Wentworth v. Eckerd Corp.*, 248 Ga. App. 94, 95 (545 SE2d 647) (2001); *Roberson v. Winn-Dixie Atlanta*, 247 Ga. App. 825 (544 SE2d 494) (2001).

*Bolton v. Wal-Mart Stores*, 257 Ga. App. 198 (570 SE2d 643) (2002). In the present case, Williams failed to come forward with any evidence to show Kroger had constructive knowledge in either of the two ways set forth in cases like *Bolton*.

First, there is an absence of evidence showing that any Kroger employees were "in the immediate vicinity of the fall and had an opportunity to correct the hazardous condition before the fall." *Bolton v. Wal-Mart Stores*, supra. Evidence that an employee was present in the area of the hazard is not sufficient, standing alone, to raise a jury question as to the proprietor's constructive knowledge of the hazard. Rather, to prevent summary judgment, "[i]t must be shown that the employee was in a position to have easily seen the substance and removed it." (Citations omitted.) Id.

Williams admitted that she did not know how long the bean had been on the floor before she fell. Furthermore, as pointed out above, she did not see any Kroger employees in the produce department prior to her fall and had no reason to believe that any employee knew that the bean was on the floor. Additionally, Terry Smith, a Kroger

---

the evidence to determine whether there is a genuine issue of material fact and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law." (Citations omitted.) *Youngblood v. Gwinnett Rockdale Newton Community Svc. Bd.*, 273 Ga. 715, 717-718 (4) (545 SE2d 875) (2001).

produce manager who was the only employee on duty in the produce department on the morning of the incident, testified that only five minutes before Williams' fall he walked through the produce department area where the fall occurred. As he did so, he looked on the floor to make sure it was clean. Smith saw no bean on the floor. Smith then proceeded to the produce preparation area, where there was a wall in place that prevented him from seeing the floor area where Williams fell only a few minutes later. Based on Williams' own testimony as well as Smith's unrebutted testimony, it is clear that Williams cannot establish that a Kroger employee was in a position to have easily seen and removed the bean before she slipped and fell. *Bolton v. Wal-Mart Stores*, supra.

Second, there is an absence of evidence showing that the pole bean "had been on the floor for a sufficient length of time that it would have been discovered and removed had the proprietor exercised reasonable care in inspecting the premises." *Bolton v. Wal-Mart Stores*, supra. While Williams argues that there is a factual dispute over whether Smith's examination of the produce area before her fall constituted a "real inspection" or simply an informal "walk through," that issue need not be resolved in this case. As previously noted, Smith testified that five minutes before the fall, he looked at the floor where the fall later occurred and saw no pole bean. Smith's testimony went unrebutted. Thus, the only conclusion supported by record evidence is that there was no bean on the floor five minutes before Williams fell.[2] Given the short amount of time the bean was actually on the floor, Williams, as a matter of law, cannot show that even if "Kroger employees . . . [had] exercised reasonable care in inspecting and cleaning the premises," they would have discovered the bean on the floor before her fall. *Lovins v. Kroger Co.*, 236 Ga. App. 585, 587 (1) (b) (ii) (512 SE2d 2) (1999) (proprietor lacked constructive knowledge when employee viewed area where fall occurred ten minutes before it happened and saw no hazards). See also *Matthews v. The Varsity*, 248 Ga. App. 512, 514 (2) (546 SE2d 878) (2001) (no constructive knowledge when employee viewed stairs five minutes before fall and saw no liquids or other hazards); *Mazur v. Food Giant*, 183 Ga. App. 453 (359 SE2d 178) (1987) (undisputed testimony of store employee and manager that they "both walked past [a] display case

---

[2] Williams latches on to the fact that during Smith's deposition, Smith was asked generally whether it was "possible that [he] could have missed something on the floor on that particular day," and Smith answered by agreeing that it was at least "possible." However, Williams cannot avoid summary judgment based merely on Smith's general speculation in this regard, particularly in light of his specific, unequivocal testimony that he viewed the area where the fall occurred and saw no bean five minutes before the fall. "A mere possibility . . . is not enough"; a plaintiff cannot rely on "pure speculation or conjecture" and expect to survive summary judgment. *Mitchell v. Austin*, 261 Ga. App. 585, 587 (583 SE2d 249) (2003).

only ten to fifteen minutes prior to plaintiff's fall and saw no foreign matter on the floor" showed lack of constructive knowledge).

For these reasons, we conclude that there is an absence of any evidence in the record showing that Kroger had actual or constructive knowledge of the hazard in this case. Therefore, the trial court erred in denying Kroger's motion for summary judgment.

*Judgment reversed. Blackburn, P. J., and Miller, J., concur.*

DECIDED JULY 6, 2005.

*Douglas A. Wilde, Tara L. Moulds*, for appellant.
*Deming, Parker, Hoffman, Green & Campbell, Michael D. Deming, Paul M. Hoffman*, for appellee.