**SECOND DIVISION
BARNES, P. J.,
MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**May 29, 2013**

# In the Court of Appeals of Georgia

A13A0158. RAMOTAR et al. v. THE KROGER CO. et al.

MILLER, Judge.

Rampersand and Rohinika Ramotar sued The Kroger Company to recover for personal injuries Mr. Ramotar allegedly sustained when he fell after slipping on a puddle of oil at a Kroger store in Loganville, Georgia. Kroger filed a motion for summary judgment, which the trial court granted.[1] The Ramotars appeal, contending that the trial court erred in finding that there was no constructive notice of the oil on the store's floor. Because we find that an issue of fact remains regarding Kroger's constructive knowledge of the alleged hazard, we reverse.

---

[1] The Ramotars also sued Kroger store manager Nigel Vereen. The trial court granted summary judgment to Vereen, and the Ramotars do not challenge this ruling.

On appeal from the grant or denial of a motion for summary judgment, we conduct a de novo review of the law and evidence, viewing the evidence in the light most favorable to the nonmovant, to determine whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. A defendant may prevail on summary judgment by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case.

(Citations and punctuation omitted.) *Belk Dept. Store &c. v. Cato*, 267 Ga. App. 793, 793-794 (600 SE2d 786) (2004).

So viewed, the evidence shows that Nigel Vereen was the unit manager of the Kroger store located on Athens Highway in Loganville, Georgia. On May 28, 2009, at approximately 8:30 a.m., Vereen inspected the tile floor in aisle five of the store to make sure the area was clean from debris and spills. That same day, from approximately 8:30 to 10:45 a.m., a Kroger employee went back and forth to aisle five while she was stocking cooking oil and spices on shelves in that aisle. The employee did not see any oil on the floor of aisle five while she was stocking the shelves, and she did not see any leaking oils.

Mr. Ramotar went to the store on May 28 to buy some groceries. At approximately 11:30 a.m., Mr. Ramotar was pushing a shopping cart down aisle five toward the back of the store when he slipped on a two-foot puddle of oil located on the tile floor by the aisle's oil section. Mr. Ramotar fell onto the floor, and the shopping cart fell on top of him, injuring his shoulder and left knee. After Mr. Ramotar fell, Vereen and two other employees assisted him onto a scooter chair, drove him to the front of the store and cleaned the oil off his shoes. Mr. Ramotar did not see the oil on the floor until after Vereen and the other employees picked him up.

At the time of Mr. Ramotar's fall, Kroger had no set policy regarding regular inspections, and the store's employees had no specific time periods during which they regularly inspected the store aisles or swept its floors. Although employees were told to always be on the lookout for spills when they were going down one of the store's aisles, no evidence showed that any Kroger employee inspected or checked aisle five for at least 45 minutes prior to Mr. Ramotar's fall.

The Ramotars contend that the trial court erred in finding that Kroger had no constructive notice of the puddle of oil on which Mr. Ramotar slipped and fell. We agree.

"[A]n owner/occupier of land owes persons invited to enter the premises a duty of ordinary care to have the premises in a reasonably safe condition and not to expose the invitees to unreasonable risk." (Punctuation and footnote omitted.) *American Multi-Cinema v. Brown*, 285 Ga. 442, 447 (3) (679 SE2d 25) (2009). To survive Kroger's motion for summary judgment in their slip and fall action, the Ramotars had to come forward with evidence showing that Kroger had actual or constructive knowledge of the hazard, and that Mr. Ramotar lacked knowledge of the hazard or for some reason due to Kroger was prevented from discovering it. See *Davis v. Bruno's Supermarkets, Inc.*, 263 Ga. App. 147, 148 (1) (587 SE2d 279) (2003).

The Ramotars presented no evidence that Kroger had actual knowledge of the hazard that cause Mr. Ramotar's fall. Instead, the Ramotars argue that Kroger had constructive notice of the oil spill. To establish constructive knowledge, the Ramotars had to show that "(1) a store employee was in the immediate area of the hazard and could have easily seen the substance or (2) the foreign substance remained long enough that ordinary diligence by the store employees should have discovered it." (Citation and punctuation omitted.) *Food Lion, LLC v. Walker*, 290 Ga. App. 574, 576 (1) (660 SE2d 426) (2008).

4

Constructive knowledge may be inferred when there is evidence that the owner lacked a reasonable inspection procedure. In order to prevail at summary judgment based on lack of constructive knowledge, the owner must demonstrate not only that it had a reasonable inspection program in place, but that such program was actually carried out at the time of the incident. In addition, to withstand a motion for summary judgment, the plaintiff need not show how long the hazard had been present unless the owner has demonstrated its inspection procedures.

(Citation and punctuation omitted.) Id. Whether an inspection procedure is reasonable as a matter of law depends on the nature of the business, the size of the store and the number of customers. See *Shepard v. Winn Dixie Stores*, 241 Ga. App. 746, 748 (1) (527 SE2d 36) (1999); *Food Lion*, supra, 290 Ga. App. at 576 (1). Because conditions in supermarkets cause slip and falls to occur with some frequency, we have held that supermarket owners have a duty to inspect with greater frequency. See *Food Lion*, supra, 290 Ga. App. at 576 (1). Moreover,

summary adjudication as to constructive knowledge arising from the duty to inspect is not authorized absent plain, palpable and undisputable proof that customary inspection procedures or cleaning practices were in place, were actually followed and were adequate to guard against known or foreseeable dangers at the time of the patron's alleged injuries. The evidence in the case sub judice does not satisfy these criteria.

5

(Citations and punctuation omitted.) *Burnett v. Ingles Markets*, 236 Ga. App. 865, 867 (514 SE2d 65) (1999).

Here, when viewed in the light most favorable to the Ramotars, the evidence showed that the store's seafood counter was open at the time of Mr. Ramotar's fall, and employees working at the seafood counter had an unobstructed view of aisle five where Mr. Ramotar fell. Accordingly, the evidence raised a factual question regarding whether store employees were in the immediate area of the oil puddle and could have easily seen it.

Moreover, a factual question remains regarding whether the oil remained on the floor long enough that Kroger's employees should have discovered and removed it during a reasonable inspection. Notably, the evidence showed that Kroger had no set policy regarding regular inspections, and the store's employees had no specific time periods during which they regularly inspected the store aisles or swept its floors. Additionally, no evidence showed that any Kroger employee inspected or checked aisle five for at least 45 minutes prior to Mr. Ramotar's fall. In the absence of reasonable inspection procedures, we cannot conclude as a matter of law that Kroger lacked constructive notice of the alleged hazard. See *Davis*, supra, 263 Ga. App. at 150 (1). Accordingly, the trial court erred in granting summary judgment to Kroger.

*Judgment reversed. Barnes, P. J., concurs.  Ray, J., concurs in judgment only.*