MILLER, Presiding Judge,
concurring fully and specially
I agree with the majority that the facts in this case create a jury question as to whether All American Quality Foods’s inspection procedures were unreasonable such that the supermarket had constructive knowledge of the alleged hazard that caused Ms. Johnson to fall. I write separately to emphasize that the fact-intensive nature of slip-and-fall cases will typically preclude summary judgment and require a jury to consider the merits. This does not mean, however, that this author is indicating that a plaintiff who merely avoids summary judgment is entitled to recover before the jury
To survive summary judgment in a slip-and-fall case, the plaintiff must show that the supermarket had actual or constructive knowledge of the hazard, and constructive knowledge can be inferred from a lack of reasonable inspection procedures. Ingles Mkts. v. Martin, 236 Ga. App. 810, 811 (513 SE2d 536) (1999). Whether an inspection procedure is “reasonable” depends on the facts and circumstances of the case. Food Lion v. Walker, 290 Ga. App. 574, 576 (1) (660 SE2d 426) (2008). This Court has said that more frequent inspections may be necessary in a supermarket setting, but we have never established a bright-line rule for what is a reasonable interval. Cf. id. (holding that the nature of the supermarket business requires more frequent inspections, but expressing no opinion on what the frequency should be). Given the fact-intensive nature of these claims, we should not create a bright-line rule.
[Sjummary adjudication as to constructive knowledge arising from the duty to inspect is not authorized absent *668 plain, palpable and undisputable proof that customary inspection procedures or cleaning practices were in place, were actually followed and were adequate to guard against known or foreseeable dangers at the time of the patron’s alleged injuries.
(Citations omitted.) Burnett v. Ingles Mkts., 236 Ga. App. 865, 867 (514 SE2d 65) (1999). “The evidence in the case sub judice does not satisfy these criteria.” Id.
Certainly there are slip-and-fall cases that are appropriate for summary judgment. See, e.g., Deloach v. Food Lion, 228 Ga. App. 393, 395 (491 SE2d 845) (1997) (summary judgment is proper where the plaintiff has failed to come forward with evidence to create an issue of fact that the supermarket had constructive knowledge of the hazard). See also Robinson v. Kroger Co., 268 Ga. 735, 737 (1) (493 SE2d 403) (1997) (recognizing that summary judgment may be appropriate where the plaintiff could not establish the defendant’s actual or constructive knowledge of the hazard). Supermarket slip- and-fall cases turn on the facts, and any determination of reasonableness of a supermarket’s inspection procedures must depend on the particular facts of the case. The particular facts of this case do not warrant adjudication at the summary judgment stage of the litigation.