**FOURTH DIVISION**
**DOYLE, P. J.,**
**COOMER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 27, 2020**

# In the Court of Appeals of Georgia

A19A2342. ERMERT v. WILDWOOD AT MEADOW GATE
    HOMEOWNERS ASSOCIATION, INC. et al.

COOMER, Judge.

This case arises out of a premises liability action. Judy Ermert appeals the trial court's order granting summary judgment in favor of Wildwood At Meadow Gate Homeowners Association, Inc., ("Wildwood") and Heritage Property Management Services, Inc., ("Heritage"), (collectively, the "HOA"). Ermert contends the trial court erred in granting the HOA's motion for summary judgment because genuine issues of fact exist regarding the HOA's negligence. Ermert also contends the trial court erred by concluding that the alleged static defect that caused Ermert's injury could not have been found by an ordinary inspection, and by concluding that in order to find

the static defect, "one had to step in it, or scrounge around the grass." For the following reasons, we affirm.

> We apply a de novo standard of review to an appeal from a grant of summary judgment and view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. A defendant may obtain summary judgment by showing an absence of evidence supporting at least one essential element of the plaintiff's claim.

*Donastorg v. Rainbow USA, Inc.*, 342 Ga. App. 215, 215 (802 SE2d 425) (2017) (citation omitted).

So viewed, the record shows that Wildwood owns property with certain grassy common areas in Gwinnett County that Heritage manages and Precision Maintenance Group, LLC ("Precision")[1] maintains. On the morning of September 2, 2016, Ermert was walking in one of the common areas near a pond when she stepped in a hole in the grass that caused her to fall and fracture her foot. On September 19, 2016, then-Wildwood president Floyd Neal emailed Heritage's property manager, Rhonda Beasley, regarding a conversation he had with Ermert's son about Ermert's fall and

---

[1] Precision was added to the lawsuit after Ermert initially filed the action giving rise to this appeal. Precision filed a separate motion for summary judgment, which the trial court granted. However, Precision is not a party to this appeal.

2

subsequent injuries. In the email, Neal explains that he was contacted on September 17, 2016 by Ermert's son who told him that his mother stepped in a hole and broke her ankle while walking by the pond in the common area. Ermert's son claimed that Ermert underwent two surgeries to repair the damage caused by the fall and would have to spend some time in a rehabilitation facility. Ermert's son requested that Wildwood pay Ermert's out-of-pocket expenses related to her injuries and treatment.

In the email, Neal explained that there were no facts or evidence to support Ermert's claim. He went on to state that on September 17, 2016, at approximately 3:00 p.m., he went to the area where Ermert's son said his mother stepped into the hole and took several photographs. Neal's pictures did not reveal any holes in the area that met the description provided by Ermert's son. Neal did locate one hole that he speculated could have possibly caused the injuries to Ermert's ankle, but it was not located in the area where Ermert's son alleged the fall took place.

Ermert filed a complaint in April 2017 against HOA seeking damages for her injuries, medical expenses, and pain and suffering. Ermert moved the trial court to add Precision as a party to the lawsuit and amended her complaint. HOA later filed a motion for summary judgment, which the trial court granted, following a hearing.

In its order granting HOA's motion of summary judgment, the trial court found no evidence in the record that HOA had actual or constructive knowledge of any hole in the area where Ermert fell, and the HOA's duty to Ermert, an invitee,[2] was to exercise ordinary care to protect against any unreasonable risks. The trial court further found there was no evidence in the record to suggest that any normal and reasonable inspection of the property would have revealed the hole because in order to find the hole "one had to step in it, or scrounge around the grass." Accordingly, the trial court concluded there was no genuine fact issue for the jury to decide. This appeal followed.

> With regard to premises-liability cases, in Georgia, a proprietor has a statutory duty to exercise ordinary care to keep its premises safe, which includes inspecting the premises to discover possible dangerous conditions of which the proprietor does not have actual knowledge, and taking reasonable precautions to protect invitees from dangers foreseeable from the arrangement or use of the premises. Nevertheless, proof that an invitee tripped or fell, without more, does not establish liability on the part of the property owner or occupier. Rather, in order for a plaintiff to recover damages for injuries sustained in a slip-and-fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked

---

[2] Ermert does not challenge the trial court's conclusion that she was an invitee of HOA.

4

knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier. A plaintiff's evidentiary burden of proof concerning the second prong of this test is not, however, shouldered until the defendant first establishes negligence on the part of the plaintiff.

*Berni v. Cousins Properties, Inc.*, 316 Ga. App. 502, 504-505 (729 SE2d 617) (2012) (citations, punctuation, and footnotes omitted). With these guiding principles in mind, we now consider Ermert's claims of error.

Ermert contends the trial court erred by concluding there were no genuine fact issues regarding HOA's negligence. More specifically, Ermert contends HOA was negligent in failing to properly exercise their duty to invitees to conduct a reasonable inspection of its common area, and had they done so, the hole causing Ermert's injuries would have been discovered. We disagree with Ermert's contention.

As an initial matter, the evidence does not reflect, and Ermert does not argue, that HOA had actual knowledge of a hole in the grassy common area where Ermert alleges she fell. Thus, to avoid summary judgment, Ermert had to demonstrate that HOA had constructive knowledge of the hole and should have known of the hazardous condition. "Constructive knowledge can be shown by evidence that a proprietor's failure to discover the hazard resulted from its failure to exercise

5

reasonable care in inspecting the premises." *Witt v. Ben Carter Properties, LLC*, 303 Ga. App. 107, 110 (692 SE2d 749) (2010). "[T]he evidence must show that the hazardous condition existed on the premises for a sufficient period of time such that [HOA] should have discovered and removed the hazard." Id. (citation omitted). With regard to the scope of HOA's inspection, "the law requires only the exercise of ordinary care, not extraordinary care." *Hansen v. Cooper*, 253 Ga. App. 533, 536 (559 SE2d 740) (2002).

Here, Ermert contends that after being notified of the hole following her fall, HOA discovered an impression in the ground, and that had HOA taken reasonable precautions to inspect the conditions of the subject area, the hazardous condition that resulted in her injury could have been discovered. Ermert's argument is unavailing because nothing in the record suggests that HOA failed to reasonably inspect the property for potential hazardous conditions or should have anticipated hazards in a grassy common area that is well-maintained and regularly inspected.

At her deposition, Ermert stated that she traversed the area where she fell around three times a month and the last time she had been in that area prior to the fall was approximately two or three weeks before. Ermert testified that she had never seen the hole prior to the fall, did not see the hole at the time she fell, and was not aware

6

of any other incidents in the area prior to her fall. Ermert had witnessed several children playing in the area where she fell, but had no knowledge of anyone ever complaining of holes in the area. Nine months after her deposition, and 25 months after her fall, Ermert filed an affidavit in which she stated that at the time of her deposition she could not recall the location of her fall, but that after reviewing photographs taken by her grandson and those taken by Finch, the hole Finch discovered during his initial inspection of the common area, which he described as being the type of hole that could have caused Ermert's injury, was the hole in which stepped into and fell.

Representatives for Wildwood and Heritage testified at their respective depositions that there had been no complaints of prior incidences of falls, trips, or hazardous conditions near the common area where Ermert fell. Inspections of the ground of the common area were done a few times a year by Heritage, and during the relevant period, no complaints or reports were ever made regarding the conditions of those areas. Floyd Neal also testified at his deposition that he had personally walked the area where Ermert fell both before and after the incident and had never seen any area that needed to be remedied in terms of trip hazards or any other hazard that could cause an ankle break. The record also reflects that Precision mowed the grass in the

7

common area where Ermert fell the day prior to her fall, and there had been no reports of a hole in the area prior to the incident.

This Court has repeatedly affirmed summary judgment in favor of land-owners and occupiers where invitees stepped into small concealed holes in well-maintained, regularly inspected grassy areas. See *Witt*, 303 Ga. App. at 112; *Thomas v. Deason*, 289 Ga. App. 753, 756 (658 SE2d 165) (2008) (summary judgment warranted where plaintiff fails to show either actual or constructive knowledge of alleged hazard); *James v. Vineville Christian Towers, Inc.*, 256 Ga. App. 72, 75 (567 SE2d 712) (2002) (finding the law does not impose absolute liability for defective conditions where there is no evidence property owner had constructive knowledge of the hole); *Armenise v. Adventist Health System/Sunbelt, Inc.*, 219 Ga. App. 591, 594 (466 SE2d 58) (1995) (property owner not liable where hazard was not discoverable despite the exercise of ordinary care in inspecting the premises). Compare *Lawless v. Sasnett*, 200 Ga. App. 398, 399 (408 SE2d 432) (1991) (jury question where the size of the hole and tall grass could be inferred by a jury as a failure to exercise reasonable care in inspecting the premises).

It is well established that "[i]If the owner has no actual or constructive knowledge of the hazard, summary judgment in its favor would be appropriate,

because the invitee would not be able to establish that the owner had knowledge of the hazard superior to that of the invitee." *Drew v. Istar Financial, Inc.*, 291 Ga. App. 323, 325 (661 SE2d 686) (2008).

> [Where] there was no actual knowledge of the alleged dangerous and unsafe condition, and there is nothing in the record to show or indicate the propriety or necessity of making an inspection to ascertain the possible or probable existence of any defect, such as that other people had tripped or fallen in the same area, ordinary diligence did not as a matter of law, under the facts as shown, require an inspection sufficient to reveal the defect where the defendants had no reason to think such an inspection was necessary.

*Sisson v. Elliott*, 278 Ga. App. 156, 159 (2) (628 SE2d 232) (2006). Here, Ermert failed to demonstrate that HOA had either actual or constructive knowledge of the alleged defect or any indication that a more thorough inspection of the common area was needed to ameliorate the conditions of the common area. While HOA had a duty to reasonably inspect the grassy common areas, they were under no obligation to conduct an inspection to disclose every latent defect. Thus, we find no error in the trial court's grant of summary judgment.

*Judgment affirmed. Doyle, P. J., and Markle, J., concur.*